UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO DIVISION
*Electronically Filed*

| | | |
|---|---|---|
| JANE ECKERT | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:23-CV-112-GNS |
| | ) | |
| TREASURE HUNT 4 GOOD, INC. | ) | |
| d/b/a 4 GOOD COMMUNITY; and | ) | |
| 4 GOOD COMMUNITY, INC. | ) | |
| d/b/a 4 GOOD COMMUNITY, | ) | |
| DEFENDANTS | ) | |

**NOTICE OF REMOVAL**

Defendants, Treasure Hunt 4 Good, Inc. and 4 Good Community, Inc. (collectively, "Defendants"), by counsel and under 28 U.S.C. §§ 1441 and 1446, submit this Notice of Removal of the above-captioned case, which was originally filed in Henderson Circuit Court, Civil Action No. 2023-CI-00342. In support of removal, Defendants state as follows.

**Timeliness of Removal**

1. On June 12, 2023, Plaintiff, Jane Eckert ("Plaintiff), filed a complaint in Henderson Circuit Court against Defendants, alleging personal injury for a purported trip and fall that occurred at a charitable food bank operated by Defendants that is located in Henderson County, Kentucky (the "Complaint").

2. The Complaint contains no information regarding the amount of damages Plaintiff claims, nor does the nature of the alleged injuries sufficiently establish the amount in controversy.

3. Plaintiff represented in her Complaint that she is "a citizen and resident of Clark County, Indiana residing at 1035 Nachand Lane, Jeffersonville, IN 47130." (D.N. 1-1, Complaint

1

at ¶ 1.) Defendants are Indiana corporations with principal places of business in Indiana, thus, based on Plaintiff's representation, the parties were not diverse. (*Id*. at ¶¶ 2-3.)

4.      However, on September 15, 2023, in response to Interrogatories, under oath, Plaintiff stated that she actually resides at 224 S. Alvasia Street, Henderson, Kentucky 42420. (*See* D.N. 1-2, Plaintiff's Discovery Responses at Interrogatory No. 1.)

5.      Additionally, Plaintiff's Interrogatory Responses (the first "other paper" in this matter) put Defendants on notice that she is claiming far in excess of $75,000. (*See id*. at Interrogatory No. 14.)

6.      Defendants' removal of the state court action is timely because the existence of federal diversity jurisdiction only became apparent after Plaintiff served her Discovery Responses on September 15, 2023, which is less than 30 days from this removal, and the case is being removed within one year of the commencement of the action.

7.      A defendant seeking removal of an action filed in state court must file a notice of removal within 30 days of service of the complaint upon the defendant, ***provided that federal jurisdiction is apparent***. *See* 28 U.S.C. § 1446(b). If federal jurisdiction is not apparent from the complaint—as was the case here—then the defendant may take discovery to determine whether federal jurisdiction is present. *Id*; *see also* 28 U.S.C. § 1446(c)(3)(A); H.R. Rep. No. 112-10, at 16 (2011); *Roesler v. Standard Fire Ins. Co.*, No. 3:20-cv-679-BJB-RSE, 2021 U.S. Dist. LEXIS 139662, at *7-8 (W.D. Ky. July 27, 2021); *Stewart First Bank, Inc. v. Anchor Title Servs., Inc.*, No. 3:06-CV-174-H, 2006 U.S. Dist. LEXIS 46297, at *7 (W.D. Ky. June 29, 2006); *Moran v. Wal-Mart, Inc.*, No. 5: 21-260-DCR, 2021 U.S. Dist. LEXIS 235810, at *5 (E.D. Ky. Dec. 9, 2021)

8.     As explained, Defendants were only made aware that the parties were diverse and the amount in controversy exceeds $75,000—both elements of diversity jurisdiction—when Plaintiff served her answers to Defendants' Discovery Requests on September 15, 2023.

9.     This Notice of Removal is timely because it was filed less than 30 days after September 15, 2023, <u>and</u> it was filed less than one year after the commencement of the action, the outer boundary for removing a case on the basis of diversity jurisdiction absent fraudulent concealment by the plaintiff. 28 U.S.C. § 1446(c)(1).

**Venue and Compliance with Procedural Requirements for Removal**

10.     The Henderson Circuit Court is located within the Owensboro Division of the United States District Court for the Western District of Kentucky. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Henderson County, Kentucky.

11.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon the defendants are attached as <u>D.N. 1-1</u> to this Notice of Removal.  Additionally, Defendants' Answer to the Complaint are attached as <u>D.N. 1-3</u>. Defendants' Discovery Requests to Plaintiff are attached as <u>D.N. 1-4</u>. And, as mentioned, Plaintiff's answers to Defendants' Discovery Requests are attached as <u>D.N. 1-2</u>.

**Diversity of Citizenship and Amount in Controversy**

12.     A case may be removed where Defendants establish by a preponderance of the evidence that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1); 28 U.S.C. § 1446(c)(2)(A)(ii) and 1446(c)(2)(B); *see also Endrawes v. Safeco Ins. Co.*, 737 F. App'x 731, 734 (6th Cir. 2018) (quoting *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007).

13.     As alleged in the Complaint, Defendants are Indiana Corporations with principal places of business in Indiana. (D.N. 1-1, Complaint at ¶¶ 2-3.)

14.     Plaintiff is a resident and citizen of the Commonwealth of Kentucky. (*See* D.N. 1-2, Plaintiff's Discovery Responses at Interrogatory No. 1.)

15.     Because Plaintiff's citizenship is diverse from each of the Defendants', diversity of citizenship exists.

16.     As Plaintiff's recent responses to Discovery Requests also reveal, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, by a preponderance of the evidence. Indeed, Plaintiff is claiming $75,771.17 in past and present medical expenses and $2,000,000 in pain and suffering along with other damages that she did not itemize. (*See id*. at Interrogatory No. 14.) While Defendants deny that they are liable for Plaintiffs' alleged injuries and do not concede that Plaintiffs' damages claims are accurate, for purposes of establishing the Court's jurisdiction, this is irrelevant.

17.     This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1332(a)(2) because the amount in controversy is satisfied and this is an action between citizens of Kentucky and citizens of a different state.

18.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, as well as a Notice of Filing for this Notice of Removal, will be filed promptly with the Clerk of the Henderson Circuit Court, and a copy of the same is being served upon all parties.

19.     Defendants reserve the right to amend or supplement this Notice of Removal or to present additional arguments in support of their entitlement to remove this case.

20. Defendants reserve all defenses and objections available under the applicable law and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses or objections.

WHEREFORE, Defendants hereby remove the above-captioned action from the Circuit Court in Henderson County, Kentucky, and request that further proceedings be conducted in this Court as provided by law.

Respectfully submitted,

/s/ Christopher S. Zelli
R. Kenyon Meyer (#85941)
Christopher Zelli (#98651)
Dinsmore & Shohl LLP
101 S. Fifth Street, Suite 2500
Louisville, KY 40202
502.540.2300
kenyon.meyer@dinsmore.com
christopher.zelli@dinsmore.com

and

Stephen B. Lee
Lee Law Office
227 St. Ann Street, Ste. 318
P.O. Box 308
Owensboro, Kentucky 42302
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will serve copies of the same on the following counsel of record:

Lauren Marley
Morgan & Morgan, Kentucky PLLC
360 E. 8th Avenue, Ste. 411
Bowling Green, KY 42101
*Counsel for Plaintiff*

/s/Christopher S. Zelli
*Counsel for Defendants*

5